United States District Court
Southern District of Texas
**ENTERED**
September 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **ROBERT LOUIS PARKER, JR.,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 2:20-cv-00293 |
| § | |
| **SERGEANT SALINAS,** § | |
| **OFFICER EARWOOD, and JANE DOE,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Louis Parker Jr., a Texas inmate, alleges that prison officials have violated his constitutional rights in numerous ways. His allegations center around the conditions of his confinement while he was incarcerated at the Garza West Unit. He argues that the poor prison conditions amounted to deliberate indifference to his health. As a result, Parker has filed this prisoner civil rights action under 42 U.S.C. § 1983.

The Court **TERMINATES** the referral of this case to Magistrate Judge Jason B. Libby. Pending before the Court is a Motion for Summary Judgment filed by Sergeant Saul Salinas, Officer Robert Earwood, and Jane Doe. (Dkt. No. 29). For the following reasons, the Court **GRANTS** the Motion. The Court **DISMISSES** Parker's case **WITH PREJUDICE**.

I.  **PROCEDURAL HISTORY**

Parker is a prisoner presently housed at the Willacy Unit in Raymondville, Texas. (Dkt No. 29 at 1). Parker's claims in this lawsuit arise in connection with his previous assignment to the Garza West Unit in Beeville, Texas. (Dkt No. 1 at 3).

In his original *pro se* complaint, Parker named Garza West Unit Warden J. Gauna as the sole defendant. (*Id.* at 1). Among other complaints, Parker generally alleged that prison officials violated his Eighth Amendment rights by acting with deliberate indifference to his health. (*Id.* at 4). Parker sought monetary and injunctive relief in the form of placement in a medical unit and possible early release from prison. (*Id.*).

Magistrate Judge Libby conducted a *Spears* hearing.[1] During the hearing, Magistrate Judge Libby directed Parker to send the Court any documents or affidavits in support of his claims. (Dkt. No. 12 at 34–35). Parker then mailed supplementary materials to the Court. (Dkt. No. 18).

In a later order, Magistrate Judge Libby added the following defendants to this case: (1) Sergeant Salinas; (2) Officer Earwood; and (3) Jane Doe Medical Provider or Assistant. (Dkt. No. 15). Magistrate Judge Libby also issued a Memorandum and Recommendation ("M&R"), recommending that the Court (1) retain Parker's deliberate indifference claims against Salinas and Earwood in their individual capacities, based on Parker's exposure to heat, (2) retain Parker's deliberate indifference claim against Jane

---

[1] A *Spears* hearing is "an evidentiary hearing in the nature of a motion for more definite statement." *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) (internal quotation marks omitted).

2

Doe in her individual capacity, based on inadequate treatment for Parker's hand injury, (3) dismiss Parker's claims for monetary damages against Warden Gauna in his official capacity as barred by the Eleventh Amendment, (4) dismiss Parker's claims for injunctive relief with prejudice, (5) dismiss Parker's claims against Warden Gauna with prejudice as "frivolous and/or for failure to state a claim," and (6) dismiss Parker's remaining claims with prejudice for "failure to state a claim and/or as frivolous." (Dkt. No. 14 at 1–2, 25). The Court adopted the M&R. (Dkt. No. 32).

Salinas, Earwood, and Jane Doe (collectively the "Defendants") filed a Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies, (Dkt. No. 29). Parker did not respond to the Motion.

## II.     SUMMARY JUDGMENT EVIDENCE

Parker stated at the *Spears* hearing that Salinas and Earwood acted with deliberate indifference toward him by providing no assistance when Parker became ill after being exposed to excessive heat conditions during the month of September 2020. (Dkt. No. 12 at 11–16). Parker further stated that Jane Doe, who was either a medical provider or assistant, failed to provide him with adequate medical attention for a serious hand injury he had suffered while in a county jail. (*Id.* at 32–34).

In his Step 1 grievance, dated September 4, 2020 (Grievance No. 2021001928), Parker complained about numerous conditions of his confinement: lack of hot water, unsanitary conditions in the bathroom, lack of access to the law library, living in close proximity to other inmates in quarantine, lack of cleaning supplies on the unit, exposure to life-threatening illnesses, the presence of rats, and the inadequacy of the cloth masks

3

provided by the unit. (Dkt. No. 29-1 at 19–20). Parker also complained about exposure to excessive heat. (*Id.* at 19). Last, Parker indicated that another inmate did not receive medical treatment for a serious hand injury. (*Id.* at 19–20).

After Parker's complaints were investigated, the reviewing officer explained in the Grievance Response that (1) all new offenders had been placed on 14-day medical restrictions as a precaution due to COVID-19, (2) the Texas Department of Criminal Justice ("TDCJ") had approved the distribution of cleaning and sanitizing chemicals to each dormitory, (3) all TDCJ offenders had been issued cloth masks, and (4) work orders had been generated to address Parker's plumbing issues. (*Id.* at 20). Parker did not file a Step 2 grievance in Grievance No. 2021001928.

Parker also submitted another Step 1 grievance, dated September 29, 2020 (Grievance No. 2021012108). (Dkt. No. 11 at 16); (Dkt. No. 29-1 at 29–30). Parker complained in this grievance that he had been denied access to his writing materials through the indigent supply program and generally had been denied access to the courts. (Dkt. No. 11 at 16–17); (Dkt. No. 29-1 at 29–30). The reviewing officer denied this Step 1 grievance. (Dkt. No. 11 at 17); (Dkt. No. 29-1 at 30). Parker did not file a Step 2 grievance in Grievance No. 2021012108 either.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.* The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party does so, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. Last, relevant here, it is well established in the Fifth Circuit that if no response to a motion for summary judgment has been filed, the Court may find as undisputed the statement of facts in the motion for summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Administración Cent. S.A.*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## IV.   DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).  A prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 94–95, 126 S.Ct. 2378, 2388, 165 L.Ed.2d 368 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The inmate should receive a response from the unit official, and if unsatisfied with the response, the inmate has ten days to appeal by filing a Step 2 grievance, which is handled at the state level.  *Id.*  The Fifth Circuit requires that both steps of the grievance process

6

be completed before filing suit in federal court. *Id*. *See also Dillon v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010) ("[U]nder our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly." (quoting *Wright*, 260 F.3d at 358)).

The failure to exhaust administrative remedies is an affirmative defense on which the Defendants bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *see also Dillon*, 596 F.3d at 266 (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion").

The Defendants contend that Parker failed to exhaust his administrative remedies with respect to his deliberate indifference claims raised against them. (Dkt. No. 29 at 3–5). Parker did not respond.

In *Johnson*, the Fifth Circuit noted that the primary purpose of the exhaustion requirement is to give officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 516 (internal quotation mark omitted). This is so that prison administrators may have a "fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *Id*. at 522. This will generally require that the prisoner's grievance identify individuals who are connected with the problem. *Id*.

Parker failed to exhaust his claims against the Defendants through both steps of the grievance process. In his Step 1 grievance filed in Grievance No. 2021001928, Parker

7

complained about numerous conditions of his confinement including being exposed to excessive heat. (Dkt. No. 29-1 at 19). But Parker did not identify either Salinas or Earwood in the Step 1 grievance as responsible for Parker's exposure to excessive heat conditions or for the failure to provide assistance to Parker after he became ill due to the heat. Furthermore, there is no record that Parker filed a Step 2 grievance in Grievance No. 2021001928. As to Parker's deliberate indifference claim against Jane Doe, there is no record that he filed either a Step 1 grievance or Step 2 grievance complaining about his own hand injury or Jane Doe's failure to provide adequate treatment for such an injury.

When viewing the competent summary judgment evidence in a light most favorable to Parker, no genuine issues of material fact exist as to whether Parker exhausted his deliberate indifference claims against the Defendants. The uncontroverted summary judgment evidence demonstrates that Parker failed to exhaust his claims against the Defendants through both steps of the TDCJ grievance process, and there is nothing in the record to excuse exhaustion. Accordingly, the Defendants are entitled to summary judgment in their favor and dismissal of Parker's deliberate indifference claims against them with prejudice for lack of exhaustion.[2]

---

[2] Because any new grievance filed by Parker would be time-barred under TDCJ's grievance procedures and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995).

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Defendants' Motion for Summary Judgment. (Dkt. No. 29). The Court **DISMISSES WITH PREJUDICE** Parker's deliberate indifference claims for lack of exhaustion.

It is so ORDERED.

Signed on September 20, 2022.

_Drew B. Tipton_
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**