United States District Court
Southern District of Texas
**ENTERED**
October 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **ROBERT LOUIS PARKER, JR.,** § <br> Plaintiff, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:20-cv-293 <br> **SERGEANT SALINAS, OFFICER** § <br> **EARWOOD, and JANE DOE,** § <br> Defendants. § | |

## ORDER

Plaintiff Robert Louis Parker, Jr., a Texas inmate acting *pro se*, has filed two similar Motion[s] to Reinstate Case on Docket and Notice of Hearing, which appear to be form motions intended for use in Texas state court. (Dkt. Nos. 35, 36). The Court will construe the filings as motions to alter or amend its September 20, 2022, Memorandum Opinion and Order and Final Judgment dismissing this case with prejudice (Dkt. Nos. 33, 34).

Any motion asking the Court to revisit its judgment filed within 28 days after the entry of judgment is considered made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Days v. Johnson*, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); *Bass v. Department of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Fletcher v. Apfel*, 210 F.3d 510, 511 (5th Cir. 2000). A motion to amend the judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted); *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered

or raised before the entry of judgment. *Id.* Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction, and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the court. *North Cypress Medical Center Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. June 2, 2010) (unpublished). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet,* 367 F.3d at 479.

The Court dismissed this prisoner civil rights action because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*See* Dkt. No. 33). Plaintiff's current motions to amend the judgment do not address his failure to exhaust his administrative remedies, but merely state that "the facts are true," and Plaintiff is "a layman of the law" and needs help.

The Court finds that Plaintiff has failed to demonstrate either a manifest error of law or fact, nor has he presented newly-discovered evidence. Accordingly, his Motion[s] to Reinstate Case on Docket and Notice of Hearing (Dkt. Nos. 35, 36) are **DENIED**.

It is SO ORDERED.

Signed on October 5, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**